UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Mag. No. 21-6024 (DEA) |
| v. | : |
| JEREMY LO | : Hon. Douglas E. Arpert |

**CRIMINAL COMPLAINT**

I, John DeLaurentis, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, and that this Complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached page and made a part hereof.

s/ *John DeLaurentis*
John DeLaurentis, Special Agent
Homeland Security Investigations

Attested to me by telephone,
Pursuant to FRCP 4.1(b)(2)(A)
on July 15, 2021,
in the District of New Jersey

_____
HONORABLE DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE

RECEIVED

JUL 15 2021
AT 8:30
WILLIAM T. WALSH
CLERK

## ATTACHMENT A

### Count One

On or about March 6, 2021, in Burlington County, in the District of New Jersey, and elsewhere, the defendant

### JEREMY LO

did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using any means and facility of interstate and foreign commerce, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(2)(A).

### Count Two

On or about March 6, 2021, in Burlington County, in the District of New Jersey, and elsewhere, the defendant

### JEREMY LO

did knowingly possess child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce, and was in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

**ATTACHMENT B**

I, John DeLaurentis, am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"). I have knowledge of the following facts based upon both my investigation and discussions with other law enforcement personnel. Because this affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not included each and every fact known to the government concerning this matter. Where statements of others are set forth herein, these statements are related in substance and in part.

1. As set forth below, on or about October 12, 2020, through on or about February 13, 2021, law enforcement, using investigative peer-to-peer ("P2P") file-sharing software, downloaded files containing images depicting child pornography from a cell phone subscribed to by defendant JEREMY LO ("LO") who lived on Joint Base McGuire-Dix-Lakehurst, New Jersey.

2. The network that law enforcement accessed was a publicly available online P2P file-sharing network, that is, a worldwide network of linked computers. To access the network, a user must first download P2P software from the Internet. The P2P software allows the user to place files into a designated "shared" folder on his or her hard drive, from which other network users can then download those files directly to the "shared" folders of their own computers. The user may also search, select, and directly download into his or her "shared" folder files from the "shared" folders of other network users. In general, computers or other electronic devices that access the Internet do so through a unique Internet Protocol ("IP") address assigned by an Internet Service Provider ("ISP"), which typically keeps records of the accounts associated with each assigned IP address.

3. On or about October 12, 2020, through its investigative P2P file sharing software, law enforcement agents identified an IP address ("IP Address 1") of a user engaged in suspicious conduct on a P2P file sharing network. Law enforcement successfully downloaded numerous files that contained materials depicting child pornography from a device using IP Address 1.

4. On or about February 13, 2021, through its investigative P2P file sharing software, law enforcement agents identified a second IP address ("IP Address 2") of a user engaged in suspicious conduct on a P2P file sharing network. Law enforcement successfully downloaded numerous files that contained materials depicting child pornography from a device using IP Address 2.

5. The investigation revealed that a Samsung Galaxy J7 V Cellular Phone, assigned international mobile equipment identity 355217090730947

(the "Cell Phone") had connected to the P2P file sharing network on or about October 12, 2020 using IP Address 1, and on or about February 13, 2021 using IP Address 2. The investigation also revealed that the Cell Phone was subscribed to by LO at a residence on Joint Base McGuire-Dix-Lakehurst, New Jersey (the "Residence").

6. Based on the investigation, on or about March 6, 2021, law enforcement executed a search warrant outside of the Residence and seized the Cell Phone from LO's person at about 6:25 a.m. At or shortly after 6:32 a.m., law enforcement put the Cell Phone into "airplane mode," which ceased the Cell Phone's internet data connection. In a voluntary interview with law enforcement shortly thereafter, LO admitted that the Cell Phone was his.

7. Law enforcement transported the Cell Phone to an HSI facility and thereafter conducted a forensic analysis of the Cell Phone. The forensic analysis revealed, among other things, approximately 24,500 images depicting child pornography, with "created on" dates ranging from April 1, 2018 to March 6, 2021, stored on the Cell Phone.

8. The forensic analysis also revealed that on March 6, 2021 (the same date that law enforcement executed the search warrant, as described above), approximately 315 images of child pornography were downloaded onto the Cell Phone. In particular, at approximately 6:20:50 a.m.—minutes before law enforcement seized the Cell Phone—defendant LO searched an internet website using his Cell Phone for "lsm Torrent," which is a known term for child exploitation material. Immediately thereafter, between approximately 6:22:49 a.m. and 6:33:01 a.m., approximately 315 images depicting child pornography were downloaded onto LO's Cell Phone.

9. Descriptions of some of the images downloaded onto LO's Cell Phone on March 6, 2021 are set forth below:

   a. A photograph of two females completely naked in a bathtub, each of whom appear to be between the age of 11-13 years old. One child is sitting on the edge of the tub with her legs spread open on the sides of the tub exposing her vagina towards the camera. The other child is between the legs of the other female with her legs open exposing her vagina to the camera.

   b. A photograph of the same two females completely naked, each of whom appear to be between the age 11-13 years old. One child is standing up with her legs open and hand on her head. The other child is sitting at the other's feet, with her legs spread exposing her vagina to the camera.

2

    c. A photograph of a prepubescent female completely naked except for wearing a yellow handkerchief around her neck, who appears to be approximately 5-8 years old. The girl is laying on her back and pulling her leg towards her head, exposing her vagina towards the camera.

10. Based upon my education, training and experience, and my discussions with other law enforcement officers, and to the best of my knowledge, the images described in paragraph 9 above traveled in interstate commerce and were produced using materials that were mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the images were downloaded from the internet, based upon, among other things, their presence on defendant LO's Cell Phone, law enforcement's knowledge that defendant LO received these images through an internet P2P file-sharing platform, and that they are part of an info-hash that is known to law enforcement as containing child pornography.